**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-30275 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-06038-WFN-1 |
| v. | |
| JAIME MONTALVO-MARISCAL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted July 14, 2020**

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Jaime Montalvo-Mariscal appeals from the district court's judgment and

challenges the 210-month sentence imposed following his guilty-plea conviction

for conspiracy to distribute and possess with intent to distribute methamphetamine,

heroin, and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846,

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Montalvo-Mariscal argues that the district court procedurally erred by basing the sentence on improper speculation as to the deterrent value of long prison sentences. He further argues that the "consensus view" of experts is that a sentence's value as a general deterrent is determined by the certainty of punishment, rather than the severity of that punishment.

The record reflects that, although the district court agreed with the statement by Montalvo-Mariscal's counsel that the general deterrent value of any particular sentence is "hard to determine," it still believed that deterrence was a valid sentencing consideration. Given that deterrence is included among the statutory sentencing factors, *see* 18 U.S.C. § 3553(a)(2)(B), we see no error in the district court's assessment. Moreover, the record reflects that the court imposed the sentence for several reasons beyond deterrence, including the danger to the community from the type and quantity of the drugs involved in the offense, Montalvo-Mariscal's role in the offense, and the need to promote public respect for the law and avoid sentencing disparities. On this record, we conclude that the district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc).

To the extent Montalvo-Mariscal argues that his sentence is substantively

unreasonable because a shorter sentence would have the same deterrent value, we conclude that the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the bottom of the Guidelines range is substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**